UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**

The Court has reviewed the parties' papers on the motion of Defendant Patenaude & Felix, A.P.C ("P&F") for summary judgment of Plaintiff's claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. For the reasons stated below, the Court GRANTS Defendant's motion.[1]

**I.    FACTUAL BACKGROUND**[2]

Plaintiff John Shubin entered into an agreement for a credit card with Household/Orchard Bank. Def't's Statement of Uncontroverted Facts ("SUF") ¶ 1. Shubin used the credit card and made payments on the account in late 2002 and early 2003. Specifically, he made a $50.00 payment on December 24, 2002, a $46 payment on January 23, 2003, and a $47.00 payment on February 25, 2003. SUF ¶ 2. Billing statements were mailed to him from June 2003 until October 2003. After the payment on February 25, 2003, Shubin did not pay the remaining balance in full. SUF ¶ 3. Household/Orchard Bank assigned the account to MRC Receivables, which then became the owner of the debt. SUF ¶¶ 5-6. Defendant Midland Credit Management, Inc. ("Midland") is the servicer of the account and has the authority to seek collection on the account. SUF ¶ 6.

On or about May 20, 2006, Midland hired P&F to collect on the account and provided P&F with the incorrect information that the "Date of Last Payment" was April

---

[1]Docket No. 31.

[2]These facts are undisputed unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

26, 2005. SUF ¶¶ 7, 16. P&F found out at a later (unspecified) time that the actual date of last payment was February 25, 2003. SUF ¶ 3, 16. P&F maintains procedures for determining whether a case is within the statute of limitations. Specifically, it uses computer software that automatically calculates the four year statute of limitations based on the date of last payment on the account. SUF ¶ 20. If a case is beyond the limitations period, the software displays a "warning." Additionally, a trained law clerk and attorney reviews each case for statute of limitations issues before a lawsuit is filed. SUF ¶ 21. In this case, no warning was ever displayed and there was no other indication that the suit was beyond the four-year statute. *Id.*

On December 13, 2006, P&F filed a debt collection suit against Shubin in the Superior Court in Ventura County, alleging a common count of account stated. SUF ¶ 8. The statute of limitations under California Code of Civil Procedure § 337 for the common count of account stated is four years. SUF ¶ 9. As discussed below, however, Shubin contends that a two year, not four year, statute should have applied. P&F filed the debt collection in good faith and without any intention to violate any law, including the FDCPA. SUF ¶ 18.[3] P&F believed then and continues to believe now that it filed the debt collection action in accordance with the applicable statute of limitations. *Id.*

Shubin did not object to the amounts stated to be due in the billing statements until after the debt collection suit was filed. SUF ¶ 4.

Prior to trial in state court, P&F filed a declaration by Erin Masterson of Midland in lieu of live testimony attesting to the existence and amount of the debt. SUF ¶ 10. P&F relied on this declaration in the prosecution of the collection suit. SUF ¶ 19.

At the state trial for collection of the debt, Shubin made certain evidentiary objections, which were sustained. Because of the exclusion of various documents, including Midland's declaration and billing statements, Midland was unable to meet its burden of proof. SUF ¶ 11. Accordingly, after a bench trial, on November 19, 2007 the state court entered a "judgment for John Shubin against Midland Credit Management, Inc. in the amount of $0.00 principal. . . $0 attorney fees, $0.00 costs, $0 punitive damages. . . ." SUF ¶ 12. The court did not find that the suit was filed outside of the

---

[3]Plaintiff's rejoinder in the Statement of Genuine Issues does not address this assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

statute of limitations. SUF ¶ 13.

Shortly after the conclusion of that case, Shubin filed this action against Midland and P&F. On March 31, 2008, the Court dismissed Plaintiff's claim under California's Rosenthal Fair Debt Collections Practices Act. Shubin's sole remaining claim for relief arises under the FDCPA . He alleges "false or misleading representations" under 15 U.S.C. § 1692e, and "unfair practices" in the "collection of any amount [of debt] unless such amount is expressly authorized by the agreement creating the debt or permitted by law" under § 1692f(1).[4]

The material factual allegations in the extremely short Complaint are worth repeating. To support his case here, Shubin alleged that the following conduct of the law firm constituted its FDCPA violations: It (a) "falsely represented in the [state court] Action that [Midland] had a right to collect the Debt;" (b) "falsely represented in the Action that 'an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff;'" (c) "falsely represented [in the Action] that 'defendant has been unjustly enriched. . .;'" and (d) "filed the Action beyond the statute of limitations and were attempting to collect on a time-barred debt" (Compl. ¶¶ 16-17, 19, 22).

The P&F law firm seeks a ruling that it applied the proper (four year) statute of limitations, did not use false or misleading statements, did not use unfair or unconscionable means to collect a debt, and, if anything, it made only bona fide errors that do not subject it to liability under the FDCPA.

**II. LEGAL STANDARDS FOR A MOTION FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the

---

[4]The Complaint also cites two specific subsections of § 1692e: "false representation of the character, amount, or legal status of any debt," § 1692e(2)(A), and the "use of any false representation or deceptive means to collect or attempt to collect any debt. . .," § 1692e(10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | | Date | November 24, 2008 |
|---|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | | |

U.S. 574, 587 (1986) (citation omitted).

## III.   DISCUSSION

Attorneys who regularly engage in consumer debt-collection litigation are subject to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (citing the FDCPA's definition of "debt collector"). There is no dispute that the FDCPA applies to the P&F firm.

P&F argues that it is entitled to summary judgment on two primary grounds: (1) The debt collection action was not time-barred under the applicable statute of limitation, the error in the "Date of Last Payment" was an innocent one based on information from its client, Midland, and in any event that error did not take the case outside of the statute of limitation; and (2) it is not liable because any false representation was unintentional and resulted from "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," per § 1692k(c).

Shubin argues that summary judgment should not be granted because four genuine issues remain concerning whether P&F prima facie violated the FDCPA: (1) whether P&F drafted and filed Midland's declaration in lieu of live testimony that contained a false statement; (2) whether it falsely represented it had the right to collect the debt; (3) whether it filed suit to collect on a time-barred debt; and (4) whether it misrepresented the date of last payment. As explained below, as presented by Plaintiff, these "issues" are not disputed issues of material fact, but merely are arguments based on inapposite and unsupportable legal contentions.

### A.   P&F Did Not Falsely Represent That It Had A Right to Collect on the Debt Because Its "Account Stated" Claim Was Not Time-Barred

Shubin argues that P&F is barred from arguing that Midland had a right to collect the debt because the state court rendered a judgment that Midland had not proven that it had a right to collect the debt. Thus, Shubin argues, a genuine issue remains whether P&F falsely represented during the state court litigation it had the right to collect the debt. But here P&F does not argue that it had a right to collect the debt; its argument is that it applied the proper statute of limitations for account stated when it filed the action to collect on a debt based upon the balance stated in a billing statement. In any event, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

fact that Midland lost at trial does not compel the conclusion that P&F made false representations or engaged in unfair debt collection practices during that litigation. *See Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) ("we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'")

 The state court record and the relevant dates about the underlying debt are undisputed. Shubin's statute of limitations argument raises only a legal issue. His theory is that the state court action should be considered a breach of contract action based on the original credit card agreement containing the terms of the credit card account. A breach of contract action is subject to a two year statute of limitations if it is not based on a written contract. In the course of the state court litigation Household/Orchard Bank and Midland testified that the original contract could not be found. Given Midland's failure to produce a copy of the written contract, Shubin argues, Midland's breach of contract claim should have been considered time-barred under the two year statute of limitations. In other words, Midland supposedly acted in bad faith when it filed and continued to pursue an action based on breach of written contract.

 Shubin's theory wholly lacks merit, because Midland filed suit to collect on an account stated, not to seek relief for breach of written contract. The state court complaint stated on its face that the cause of action was for an "account stated." Declaration of Daniel L. Vinson, Ex. 6. An account stated is "an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another." *Gleason v. Klamer*, 103 Cal.App.3d 782, 786 (Cal. Ct. App. 1980). Each time an account is stated and assented to, it forms a new contract. *Id.* Under California law, the statute of limitations for an action "upon an account stated based upon an account in writing" is four years. Cal. Code Civ. P. § 337. The "acknowledgment of the account stated need not be in writing," *id.*, consistent with the common law principle that assent to an account stated may be express or implied. *Williston on Contracts* § 73.58 (4th ed., rev. 2008).

 It is true, as Shubin correctly notes, that the caption and prayer in a complaint do not conclusively determine the nature of the action for purposes of determining the statute of limitations. *H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.*, 99 Cal.App.2d 711, 717(1979). Nevertheless, even looking beyond the form of the state court complaint, it is clear that the underlying action was based on an account stated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | | Date | November 24, 2008 |
|---|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | | |

in a writing. Midland sought to recover credit card debt in an amount of $2,286.03. That was the amount stated in the last billing statement sent to Shubin, a statement dated October 31, 2003. *See* Declaration of Stuart Austin, Ex. 1. Shubin did not object to the accuracy of any of the statements. Shubin does not dispute that his failure to object until after the debt collection suit was filed implies assent to the accuracy of those statements. *See id.* (noting that retention by the debtor of a statement of account without objection for more than a reasonable time implies assent and will create an account stated). Thus, the lawsuit P&F filed in December 2006 was based upon an account stated and was timely, whether Shubin's date of last payment was in April 26, 2005 (the date of last payment Midland told P&F originally) or February 25, 2003 (the actual date of last payment).

  Shubin cites no authority supporting the notion that an action for unpaid credit card debt must be for breach of an original credit card agreement rather than for an account stated. He cites several cases in which courts applied a two-year statute of limitations based on the absence of allegations or evidence of an underlying writing. *Sublett v. Henry's Turk & Taylor Lunch*, 21 Cal.2d 273, 277 (Cal. 1942) held that a claim for breach of written contract could not be sustained absent sufficient evidence of written agreement. It is not on point because it does not address whether a claim should be considered a breach of written contract claim in the first place. *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal.App.4th. 990 (Cal. Ct. App. 1999) is not on point either. It held that the four year statute of limitations for an account stated based on a promissory note was inapplicable because the plaintiff law firm seeking unpaid legal fees did not plead the existence of fee agreement, as required by Business & Professions Code § 6148, so there was insufficient pleading of "an account stated based upon an account *in writing*." *Id.* at 997 (Emphasis in original). Here, in contrast, there was no statute imposing such a specific pleading requirement on P&F in an ordinary consumer debt collection action. Hence, the absence of any mention in the state court complaint of the specific billing statement on which the claim of $2,286.03 was based does not disqualify the claim from being an account stated claim with a four-year statute of limitations. Finally, *Mello v. Great Seneca Financial Corp.*, 526 F. Supp. 2d 1024 (C.D. Cal. 2007) (Gutierrez, J.) is factually distinguishable. While it bears some superficial similarity to this case (it was a FDCPA action alleging time-barred debt collection), the debt collector alleged breach of written contract in state court, but it never produced a written contract in either the debt collection lawsuit or in federal court in response to the statute of limitations argument. *Id.* at 1029.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

### B. Shubin May Not Rely On Misrepresentations Not Alleged in His Complaint

The other two issues that Shubin relies on to defeat summary judgment are based on two facts that he uncovered during discovery. First, P&F stated in discovery responses in the state court litigation that the date of Shubin's last payment was April 26, 2005, when in fact it was February 25, 2003.[5] Second, in the declaration that P&F drafted for Midland for use at trial in lieu of live testimony, the declarant, a Midland employee named Erin Masterson, stated that she had contacted Household/Orchard Bank to locate Shubin's original credit card application, when she had not. See Declaration of Jeremy S. Golden ¶¶ 7, 9 & Exs. B, C.

P&F admits these facts, but objects to Plaintiff's reliance on them on the ground that it had no notice that Plaintiff's claim was based on these alleged misstatements. Plaintiff's vague pleadings gave notice only of a claim that P&F misrepresented Midland's right to collect the debt by (a) representing there was an account stated in writing reflecting Shubin's assent to the debt, (b) representing that Shubin received monetary benefit and was unjustly enriched, and (c) filing a time-barred action, where Midland and P&F did not have a written contract to enforce against Shubin. *See* Compl. ¶¶ 16-23. Plaintiff made no allegations about the specific misstatements that he now points to. *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("the necessary factual averments are required with respect to each material element of the underlying legal theory.... Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quotation marks and citation omitted). Plaintiff does not argue that these newly raised misstatements fall under his general allegation that P&F misrepresented Midland's right to collect the debt in filing the state court action. Rather, Plaintiff asserts that these misstatements are separate and independent false representations that P&F made in the course of its attempt to collect the debt.

It is apparent from the declaration of Plaintiff's counsel that Plaintiff is improperly

---

[5]Shubin suggests that the first error was an intentional misrepresentation designed to bring the date of last payment within the two-year statute of limitations. That is an unfounded argument, given that P&F filed the action based on account stated and had always considered the relevant statute of limitations to be four years. *See* Declaration of Raymond A. Patenaude ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

trying to "flesh out inadequate pleadings." Counsel states that on May 5, 2008, Plaintiff served responses to discovery requests that "detailed the basis for the lawsuit and the four grounds of relief" (*i.e.*, the four issues Plaintiff raises in his opposition). Declaration of Jeremy S. Golden ¶ 12 & Ex. G. Counsel is referring to an interrogatory that sought "all facts that support your contention that P&F falsely represented in the Action that it had a right to collect the Debt, as alleged in Paragraph 16 of your Complaint." *Id.* To use his response to that interrogatory to make factual allegations more specific and, indeed, different from those in the complaint is improper and insufficient under notice pleading standards.[6] Because Shubin never amended the complaint to include those factual allegations, he cannot raise them now on summary judgment. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (holding that the complaint did not satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a) because the complaint "gave the [defendants] no notice of the specific factual allegations presented for the first time in [the plaintiff's] opposition to summary judgment").

### C.     The Two Newly Raised Misrepresentations Were Bona Fide Errors

Because the Court agrees that it would be unfair to permit Plaintiff to rely on these two misrepresentations for its claim, it need not address P&F's "bona fide error" defense. Nonetheless, the Court will briefly address whether P&F could be liable for these two misrepresentations, in order to point out that neither creates a genuine issue of material fact sufficient to stave off summary judgment.

First, P&F has shown by a preponderance of evidence that its misstatement about the date of Shubin's last payment "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). P&F did maintain procedures to avoid errors that were within its control, such as miscalculation of the statute of limitations. *See* SUF ¶¶ 20-21; *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008) (emphasizing the debt collector's affirmative obligation to maintain procedures designed to avoid discoverable errors in calculation and itemization). However, it is difficult to

---

[6] Plaintiff's discovery response arguably does not even provide notice of all the facts that support the claim that P&F falsely represented it had a right to collect the debt. His response referred to different misstatements in the Midland declaration than the one asserted on this motion concerning contact with Household/Orchard Bank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

imagine what "reasonably adapted" procedures P&F could maintain to verify the facts underlying the calculation of the statute of limitations, short of procuring from the client the underlying documentation of the debt -- which the debt collector is not required to do. To satisfy the obligation under section 1692g of verifying the debt upon the consumer's request, for example, the debt collector may simply confirm with the creditor client the amount of the debt being claimed; it is not required to obtain detailed evidence of the debt. *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1174 (9th Cir. 2006) (citing *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (holding that attorney was not obligated to obtain copies or bills or other detailed evidence of the debt)). If the creditor simply told the debt collector the wrong amount, after it was asked to claim only the amount that is legally due and owing, the debt collector is not liable. *See Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992), *cited approvingly in Clark*, 460 F.3d at 1177. To determine whether the debt was time-barred, P&F reasonably and necessarily relied on its client, Midland, for the date of last payment. *See* SUF ¶¶ 3, 7, 16. P&F's mistaken statement regarding the date was a bona fide error under 15 U.S.C. § 1692k(c).

Second, P&F's filing of the Erin Masterson declaration that contained an inaccurate statement was also a bona fide error. In that declaration, Masterson stated that she had contacted Household/Orchard Bank during her search for Shubin's credit card application and that she was unable to find the original or a copy of the application. Golden Decl., Ex. B at ¶ 10. She further stated that the application had not been intentionally destroyed but that she deemed it to have been misplaced. *Id.* At her deposition, Masterson testified to several facts: (1) She had not contacted Household/Orchard Bank; (2) P&F had drafted the declaration; and (3) she reviewed and signed it after speaking with her lawyer (meaning a lawyer from P&F, presumably). Golden Decl., Ex. C (Deposition of Erin Masterson 14:18-15:12). These undisputed facts, Plaintiff now argues, make P&F liable under the FDCPA. The Court disagrees. P&F would certainly qualify for the bona fide error defense for a client's erroneous factual statement. As lawyers routinely and properly do, P&F sent the declaration to Masterson, the client representative, for her review. *Id.* That is a sufficient procedure for the avoidance of error. To hold otherwise would subject the attorney to vicarious liability for conduct over which he had no control, and to impose on the attorney a higher duty to verify facts in debt collection litigation than he would have in any other kind of litigation. *See Clark*, 460 F.3d at 1173 (rejecting vicarious liability for attorney in FDCPA context).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8033 AHM (Ex) | Date | November 24, 2008 |
|---|---|---|---|
| Title | JOHN SHUBIN v. MIDLAND CREDIT MANAGEMENT, INC., *et al.* | | |

## IV.   CONCLUSION

Based on the undisputed facts and the Court's legal conclusions, the Court holds that P&F is entitled to summary judgment in its favor on the FDCPA claim. The motion is GRANTED.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**Make JS-6**